## WILLIAM COBB *versus* NOBLE F. DEAN

March 4, 1825

Andrew G. Whitney, attorney for defendant (petitioner for supersedeas).

242

## [OPINION]

Cobb vs Dean— before Justice Rowland—

On Application of the Def$^t$ Dean for a writ of Supersedeas, to an execution issued by Justice Rowland—

### Statement—

Judgment was rendered by Justice Rowland, on the    day of Feb$^y$ 1825 ag$^t$ Dean, under a summons—issued and served, as aledged, in the absence of Dean from the Territory— That Dean did not return until after the expiration of 48 hours, after Judg$^t$ rendered— No notice in writing was filed, with the magistrate within 48 hours of his intention to remove the Cause by Certiorari into the S Court.

That after entering the judgment and before the Pltff sued out an execution, and within 20 days, after entering up the Judgment, the Defend$^t$ Dean, made an affidavit, stating errors, and applied to Judge Hunt, for a Writ of Certiorari to remove the Cause, which was granted, and by Dean filed with the magistrate with the affidavit— Dean did not enter or Cause to be entered with the Justice, any surety to prosecute the writ of Certiorari in the S. C—

That after the allowance of the Certiorari and after the same was filed with the Justice, the Pltffs Aty M$^r$ Cole applied for and obtained an execution ag$^t$ the Def$^t$ At the time of application for the execution the Att$^y$ filed a Bond with the Justice, executed by himself and B F. H. Withell, but not by the Pltf who is a non resident, conditioned to refund the Judg$^t$ and damages, if the Judgment should be reversed by the S Court, under the writ of Certiorari—

The Def$^t$ contends under this statement of facts, that the Pltff is not entitled to his execution— Because the Bond filed is not made in conformity with the requisitions of the statute, of the Ter$^y$ governing the Case, and therefore moves for a supersedeas to stay the execution—

It is conceded that at Com. Law, a Writ of error, on being allowed is a supersedeas to all proceedings, by the Court to whom directed— and that any proceedings in the case, after the allowance, by such Court are void—

It is also Contended that at Com. Law, that the allowance of a Certiorari, has the same operation as the allowance of a writ of Error— The Record is removed equally by both writs—

It is also Contended, that by the Com Law if a writ of execution issues upon a Judgment to a sheriff or Constable, on which such officer Commences a Levy, he may go on and complete it altho, the Judg$^t$ on which such execution issues shall be afterwards removed by error or Supersedeas— and that a sale made under the authority of the execution would be valid—

It appears therefore that at Common Law, Justice Rowland, had no authority to issue the exo$^n$ after the allowance by the Judge, and filing of the Certiorari in his office, as by the operation of the writ the record was removed—

What are the Bearings of the statute of the Ter$^y$ on this Case— is the Com. Law altered and in what particular—?

1 Had the Pltff a right to take out ex$^o$ from the Justice, by the provisions of the Statute, after the writ of Certiorari was filed in his office?

2$^d$ If a right existed, by the Statute to take out an execution, has the Pltff well entitled himself to the exercise of the right by a full compliance on his part with the provisions of the statute?

3$^d$ If it should appear that the def$^t$ is entitled to be relieved ag$^t$ the ex$^o$ can it be granted in the mode he asks, and under the present application?—

The whole Case turns upon the provisions Contained in the 16th Sect of the act of the Tery defining the powers and duties of Justices of the peace—

That act provides that no writ of Certiorari shall be allowed to remove a Judgt of a Justice of the peace into the S. C. unless affidavit is made, disclosing the errors, within 20 days after the Judgt is rendered, And when such writ is allowed on affidavit, it shall not bar the Pltffs right to execution, unless the Deft shall file Bond with the Justice conditioned to prosecute his writ to Judgt in the S. C &c

It is admitted that the Deft has not filed any surety with the justice, to prosecute the writ, therefore by the express words of the Statute, the Pltffs right to an execution, is reserved to him, notwithstanding the allowance of the writ— Here the statute alters the Com. Law—

So far the provisions of the statute are plain and easily understood— The Pltff has a right to execution, and he has availed himself of that right by suing the writ out.—

The statute goes on, and purports to make provision to guard the rights of the defendant, under certain contingencies, where the Pltff prosecutes his execution, and as a condition precedent requires the Pltff to give Bond to the Deft conditioned to respond the Judgt and damages in the event the Judgt should be reversed—

In giving operation to this part of the Statute I acknowledge that I have some doubts, in ascertaining to what class of Judgements, this provision of the statute is to be applied— The provision is loosely worded and indefinite in its application—

It is evident by the reading that it does not apply to a Judgment, where the deft gives notice within 48 hours, of his intention to remove the Judgt  In such a case the plff is apprised of the Course the Deft will pursue, and is wholly restrained from taking out his execution at least for 20 days, the time granted the defendant, within which to make his affidavit— Nor can it apply to a Case where the Defendant has obtained his certiorari and filed it with the justice— In the latter Case, the intention of the Deft, which if declared within 48 hours is a Bar to exo has been carried into effect, and removes all doubts as to the Course he might pursue— If this provision of the statute can be applied to any class of Judgments, (and it is the duty of the Court to give operation to every part of a statute if possible) it must be applied to that class of Judgments, in which the Deft does not make known his future Course, either by a declaration of his intention, within 48 hours, or by prosecuting his writ of Certiorari, and filing the same with the Justice— As the Statute allows the Defendant 20 days on which to reflect and make his affidavit, on which to found his application for a Certiorari, this provision of the act guards his rights, for that time at least, by requiring the Pltff, if he serves his Exo to give Bond, to respond, should the defendant remove the Judgt and prevail—

But it appears to me that this provision was not intended, nor ought it to have any operation upon the Pltff beyond the time when the defendant makes known his Course, by a legal act that removes all uncertainty—

In the present instance the Deft has made known the course he will pursue, by availing himself of a certiorari— He might have Barred the Pltff his execution by giving surety on filing his writ, and perhaps might Still do it— But he has filed no Surety to prosecute, and by the express provision of the Law has left the Pltff free to pursue his judgt by serving his exo—

If my view of the law as applied to this case is correct, the Pltff was under no obligation to file a Bond on taking out his exon and therefore the Bond filed, whether defective or not is of no importance, and ought to be considered an act

of supererrogation and surplusage— I am of opinion therefore that the execution has rightfully issued and that it ought not to be superseded—